# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| COLIN RAY PRICE | ) |
|     Plaintiff, | ) |
| v. | )    3:25-cv-_____ |
| MACON COUNTY TENNESSEE, | )    JURY DEMAND |
| PATRICK BERRY, | ) |
|     *in his individual capacity* | ) |
| CLINT FRIAR, | ) |
|     *in his individual capacity* | ) |
|     Defendants. | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE-LAW CLAIMS

Plaintiff, Colin Ray Price, by and through undersigned counsel, for his Complaint against Defendants states as follows:

### INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 arising from the use of excessive force by Sergeant Clint Friar and Deputy Patrick Berry against a physically restrained juvenile during a traffic-related stop in Macon County, Tennessee. Plaintiff was ultimately charged only with a juvenile curfew violation.

2. Plaintiff asserts that Sergeant Friar and Deputy Berry used objectively unreasonable force in violation of the Fourth Amendment to the United States Constitution,

made actionable by 42 U.S.C. § 1983, and that Macon County is liable under *Monell* and under Tenn. Code Ann. § 8-8-302 for the wrongful acts of its employees.

3. Plaintiff seeks compensatory damages, punitive damages against Sergeant Friar and Deputy Berry in their individual capacities, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION & VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

5. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the federal claims.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Macon County, Tennessee, which is within the Middle District of Tennessee.

## PARTIES

7. Plaintiff, Colin Ray Price, is an adult male who, at the time of the incident described below, was a minor and a resident of Macon County, Tennessee.

8. Defendant Macon County, Tennessee, is a political subdivision of the State of Tennessee and a "person" for purposes of 42 U.S.C. § 1983. It operates and is responsible for the Macon County Sheriff's Office and the acts and omissions of its sergeants and deputies.

9. Defendant Clint Friar ("Sergeant Friar") is, upon information and belief, an adult resident of Tennessee and at all relevant times was employed as a sergeant by the Macon County Sheriff's Office. He is sued in his individual capacity for damages.

10. Defendant Patrick Berry ("Deputy Berry") is, upon information and belief, an adult resident of Tennessee and at all relevant times was employed as a deputy sheriff by the Macon County Sheriff's Office. He is sued in his individual capacity for damages.

## STATEMENT OF FACTS

11. On or about January 9, 2025, Plaintiff was a passenger in a vehicle driven by his brother traveling in Macon County, Tennessee.

12. Plaintiff and his brother observed a law enforcement vehicle parked on the side of the road. The unknown officer pulled out and began following them.

13. Feeling uneasy about being followed, Plaintiff's brother turned into a friend's driveway. The unknown officer briefly parked nearby and then left. Plaintiff and his brother then pulled out and continued driving.

14. Shortly thereafter, Plaintiff's brother pulled into another friend's driveway. A law enforcement vehicle pulled in behind them and activated its emergency lights.

15. Sergeant Friar, among other officers, approached the vehicle, questioned Plaintiff and his brother about whose residence they were at, and stated that the stop was initiated due to a malfunctioning tag light.

16. Plaintiff's brother advised Sergeant Friar that they were at a friend's house and planned to stay the night.

17. Sergeant Friar ordered both Plaintiff and his brother out of the vehicle. Plaintiff's brother complied and was patted down.

18. When Sergeant Friar attempted to pat down Plaintiff, Plaintiff told him that he was a minor and believed officers were not allowed to put their hands on him without cause.

19. Despite Plaintiff's statement, and without any threat or resistance from Plaintiff, Sergeant Friar forcefully grabbed Plaintiff and pushed him against the trunk of the vehicle.

20. The thrust was aggressive enough that Plaintiff's brother started to move toward Plaintiff and Sergeant Friar in defense of Plaintiff.

21. In response to Plaintiff's brother's movement towards Plaintiff, one of the deputies, believed to be Deputy Berry, then drew a taser, pointed it at Plaintiff's brother, and yelled at him. The taser was not discharged, but Plaintiff believed the weapon was a firearm and feared his brother was about to be shot. Plaintiff's brother backed away upon request.

22. Subsequently, Plaintiff was pinned against the trunk of the car by Sergeant Friar who was searching Plaintiff's pockets. Although Plaintiff was not physically resisting or threatening anyone, Sergeant Friar put Plaintiff's hands behind his back, pinned Plaintiff's wrists together with his left hand, and then held Plaintiff's body in a torqued position with Plaintiff's torso bent over the back of the trunk of the car.

23. Next, Deputy Berry, using his foot, kicked Plaintiff's left foot to widen his stance. Then, Sergeant Friar, using his right hand, yanked Plaintiff's right pant leg and widened his stance with his right leg. Both officers performed these acts in an aggressive manner where Plaintiff was not actively resisting.

24. A moment later, Deputy Berry taunted Plaintiff, asking if he was scared because Plaintiff was visibly shaking.

25. Plaintiff told the officers that the way he was being held (referring to his hands pinned up behind his back) was causing him pain, that he had anger management issues, and he asked them to stop.

26. Plaintiff was then placed in handcuffs behind his back and detained for an alleged juvenile curfew violation.

27. While Plaintiff was handcuffed, surrounded by officers, not attempting to flee, and not physically resisting, Deputy Berry suddenly and without lawful justification kicked Plaintiff's legs out from under him and slammed him face-first to the ground.

28. Because Plaintiff's hands were cuffed behind his back, he could not break his fall, and his face struck the gravel/pavement with force.

29. Plaintiff sustained a laceration to his chin, experienced dizziness, and required on-scene medical evaluation by emergency medical services.

30. At no time did Plaintiff pose an immediate threat to the safety of the deputies or anyone else, nor did he attempt to flee or engage in active physical resistance.

31. As a direct result of the incident, Plaintiff has suffered physical pain, scarring, emotional distress, anxiety, fear of law enforcement, and other lasting psychological harm.

## COUNT I: § 1983 EXCESSIVE FORCE
### (Fourth Amendment – Deputy Berry and Sergeant Friar)

32. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

33. At all relevant times, Defendants Sergeant Friar and Deputy Berry were acting under color of state law as law enforcement officers employed by the Macon County Sheriff's Office.

34. Plaintiff was seized within the meaning of the Fourth Amendment during the traffic-related stop and subsequent detention. *United States v. Johnson*, 620 F.3d 685, 690 (6th Cir. 2010).

35. The use of force against a free citizen during a seizure is governed by the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Under this standard, courts evaluate the amount of force used by considering, among other factors: (1) the severity of the offense at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect was actively resisting arrest or attempting to flee. Id. at 396. These factors are evaluated from the perspective of a reasonable officer on the scene, rather than with the benefit of hindsight.

36. While Plaintiff was compliant, non-threatening, and not resisting, Sergeant Friar forcefully twisted Plaintiff's arms, pinned them behind his back, bent Plaintiff's torso over the trunk of the vehicle, and held Plaintiff in a painful, torqued position that caused Plaintiff to visibly shake from pain. This force was objectively unreasonable and violated clearly established law prohibiting the infliction of significant pain or overly tight restraints on a compliant detainee. See *Baynes v. Cleland*, 799 F.3d 600, 613 (6th Cir. 2015); *Morrison v. Bd. of Trustees*, 583 F.3d 394, 401 (6th Cir. 2009); *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir. 1993).

37. After Plaintiff was handcuffed behind his back, not resisting, and not posing any threat, Deputy Berry suddenly and without justification kicked Plaintiff's legs out from under him, causing him to fall face-first to the ground. As Plaintiff's hands were restrained, he could not break his fall and impacted the pavement with force. This conduct was objectively unreasonable in light of clearly established precedent prohibiting the use of force against handcuffed, non-resisting individuals. See *Phelps v. Coy*, 286 F.3d 295, 301–02 (6th Cir. 2002);

*Miller v. Sanilac Cty.*, 606 F.3d 240, 252–54 (6th Cir. 2010); *Burgess v. Fischer*, 735 F.3d 462, 474–75 (6th Cir. 2013).

38. The minimal nature of the alleged offense (traffic/curfew-related), Plaintiff's juvenile status, his restrained condition, and the absence of any threat or resistance make clear that no reasonable officer would have believed such force was necessary or lawful. See, e.g., *Phelps v. Coy*, 286 F.3d 295, 301–02 (6th Cir. 2002); *Miller*, 606 F.3d at 252–54; *Burgess v. Fischer*, 735 F.3d 462, 474–75 (6th Cir. 2013).

39. Both Sergeant Friar's and Deputy Berry's conduct violated Plaintiff's clearly established right under the Fourth Amendment to be free from the use of excessive force during a seizure.

40. At the time of the incident, it was clearly established that using significant force against a handcuffed, non-resisting, non-threatening individual violates the Fourth Amendment, and a reasonable officer in either Sergeant Friar's or Deputy Berry's position would have known that his conduct was unlawful. See *Phelps*, 286 F.3d at 301–02; *Miller*, 606 F.3d at 252–54; *Burgess*, 735 F.3d at 474–75.

41. As a direct and proximate result of Sergeant Friar's and Deputy Berry's unconstitutional use of force, Plaintiff suffered physical injuries, pain and suffering, emotional distress, and other damages.

42. Plaintiff is entitled to compensatory damages and punitive damages against Sergeant Friar and Deputy Berry in their individual capacities, as well as attorney's fees and costs under 42 U.S.C. § 1988.

## COUNT II: MONELL CLAIM
### (42 U.S.C. § 1983 – Macon County Only)

43. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

44. A municipality is liable under 42 U.S.C. § 1983 only when the execution of its policy or custom inflicts the injury at issue. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipal liability may be established through (1) an express policy; (2) a widespread practice or custom that, although not formally adopted, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a failure to train, supervise, or discipline employees where the failure amounts to deliberate indifference to the rights of persons with whom the employees come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388–91 (1989); *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

45. At all relevant times, Sergeant Friar and Deputy Berry were acting as employees and representatives of Macon County through the Macon County Sheriff's Office.

46. Following the incident, Macon County—through the Sheriff's Office—issued a written disciplinary action finding that Deputy Berry's use of force violated the Sheriff's Office policy governing use of force, and imposed discipline consisting of a two-day suspension and "remedial training" regarding use-of-force issues. The Sheriff's Office further acknowledged that Plaintiff had been placed in handcuffs by Sergeant Friar and was "effectively controlled" at the time force was used, and it documented a body-camera activation delay that "should have" been corrected upon arrival.

47. Upon information and belief, the Sheriff's Office's response—limited discipline and after-the-fact remedial training despite a finding of a policy-violating use of force against a restrained juvenile—reflects and evidences Macon County's customs, practices, and/or failures in training, supervision, discipline, and accountability regarding the constitutional limits of force in routine stops, encounters with juveniles, and low-level, non-violent encounters.

48. Upon information and belief, and based on Plaintiff's knowledge of other similar encounters involving Macon County deputies, the unconstitutional force used against Plaintiff was not an isolated occurrence but was consistent with a pattern or practice within the Macon County Sheriff's Office of using unnecessary force during low-level, non-violent encounters, particularly against juveniles and individuals perceived as verbally noncompliant. The specific facts regarding prior incidents, training, supervision, and disciplinary practices are within the exclusive possession of Defendants and will be revealed in discovery.

49. Macon County, through its policymakers, maintained policies, practices, or customs—including inadequate training, supervision, and/or discipline regarding the use of force on restrained individuals and minors—that were the moving force behind the violation of Plaintiff's Fourth Amendment rights. *Monell*, 436 U.S. at 694.

50. As a direct and proximate result of Macon County's policies, customs, and deliberate indifference, Plaintiff's constitutional rights were violated, and he suffered the injuries and damages described above.

51. Plaintiff is entitled to compensatory damages from Macon County under 42 U.S.C. § 1983 and attorney's fees and costs under 42 U.S.C. § 1988.

## COUNT III: §1983 FAILURE TO INTERVENE
### (Fourth Amendment – Against Sergeant Friar and Deputy Berry, Individually)

52. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

53. Law enforcement officers have a duty to intervene when they observe another officer using excessive force and have the opportunity and means to prevent the constitutional violation. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013).

54. Deputy Berry was present when Sergeant Friar forcefully pinned Plaintiff against the trunk, twisted his arms behind his back, bent his torso into a painful position, and caused Plaintiff to visibly shake from pain. Plaintiff was unarmed, handcuffed or partially restrained, non-resisting, and posed no threat. Deputy Berry observed this conduct, knew or should have known that it constituted excessive force, and had both the opportunity and means to intervene but failed to do so.

55. Sergeant Friar was present when Deputy Berry taunted Plaintiff, applied force to widen Plaintiff's stance, and then kicked Plaintiff's legs out from under him while Plaintiff was handcuffed, non-resisting, and surrounded by officers, causing Plaintiff to fall face-first onto the ground. Sergeant Friar observed this conduct, knew or should have known that it constituted excessive force, and had both the opportunity and means to prevent the harm but failed to do so.

56. As a result of Defendants' failures to intervene, Plaintiff suffered physical injuries, pain and suffering, emotional distress, and other damages.

57. Plaintiff is entitled to compensatory damages and punitive damages against Sergeant Friar and Deputy Berry in their individual capacities, as well as attorney's fees and costs under 42 U.S.C. § 1988.

## COUNT IV: COUNTY LIABILITY UNDER TENN. CODE ANN. § 8-8-302
(Macon County for Wrongful Acts of Deputy Berry and Sergeant Friar)

58. Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein.

59. At all relevant times, Sergeant Friar and Deputy Berry were duly appointed law enforcement officers employed by the Macon County Sheriff's Office and were acting by virtue of and under color of their offices.

60. Sergeant Friar used excessive physical force against Plaintiff by pinning his arms behind his back, twisting his body, and applying pain compliance that caused Plaintiff to visibly shake. Deputy Berry likewise used excessive physical force by kicking Plaintiff's legs out from under him while he was handcuffed, slamming him face-first onto the pavement/gravel. These actions constitute a "wrong, injury, [or] damage" within the meaning of Tenn. Code Ann. § 8-8-302.

61. Pursuant to Tenn. Code Ann. § 8-8-302, Macon County is liable for the injuries, damages, and losses proximately caused by the wrongful acts and omissions of its employees committed while acting by virtue of or under color of their offices, to the extent of the sheriff's surety bond as provided by Tenn. Code Ann. § 8-8-303. *Grundy County v. Dyer*, 546 S.W.2d 577, 580 (Tenn. 1977); *Walker v. Shelby County Sheriff's Department*, No. W2022-00466-COA-R3-CV (Tenn. Ct. App. Apr. 19, 2023); *Jenkins v. Loudon County*, 736 S.W.2d 603, 609 (Tenn. 1987).

62. As a direct and proximate result of Sergeant Friar's and Deputy Berry's wrongful acts, Plaintiff suffered physical pain, emotional distress, medical expenses, and other compensable damages.

63. Plaintiff seeks judgment against Macon County for compensatory damages in an amount to be determined at trial, consistent with Tenn. Code Ann. §§ 8-8-302 and 8-8-303.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants Clint Friar and Patrick Berry, in their individual capacities, on Plaintiff's § 1983 claims (including excessive force and failure to intervene);

B. Enter judgment in favor of Plaintiff and against Defendant Macon County, Tennessee, on Plaintiff's Monell claim, and on Plaintiff's claim under Tenn. Code Ann. § 8-8-302 to the extent permitted by Tenn. Code Ann. § 8-8-303;

C. Award Plaintiff compensatory damages in an amount to be determined by a jury;

D. Award Plaintiff nominal damages;

E. Award punitive damages against Defendants Clint Friar and Patrick Berry in their individual capacities;

F. Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

G. Award pre-judgment and post-judgment interest as permitted by law; and

H. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Colin P*
_____
COLIN RAY PRICE

By: *Cody Johnson*
_____
CODY JOHNSON
Attorney for Plaintiff
102 East Main St. Suite A
Lebanon, TN 37087
(629) 200-7774
cody@turklaylaw.com